UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lupe Development Partners, LLC and Steven Minn, <br><br> Plaintiffs, <br><br> vs. <br><br> Fred Deutsch, Deutsch Development Corp., Pacific Flats I LLC, and Pacific Flats II LLC, <br><br> Defendants. | Case No. 21-cv-02668 (PAM/DTS) <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DEPOSITION OF THE SCHER LAW FIRM, LLP** |

## INTRODUCTION

Plaintiffs Lupe Development Partners, LLC ("Lupe") and Steven Minn ("Minn" and collectively with Lupe, "Plaintiffs") submit this memorandum in support of their motion for leave to conduct a deposition of the Scher Law Firm, LLP (the "Scher Firm") in aid of execution of their judgment against Defendants Fred Deutsch, Deutsch Development Corp., Pacific Flats I LLC, and Pacific Flats II LLC, (collectively, Defendants). Plaintiffs believe that the Scher Firm possesses key information necessary to establish the existence of potential voidable or fraudulent transactions between Defendant Fred Deutsch ("Deutsch") and his spouse, Penny Baird ("Baird"), which will demonstrate to the Court that further discovery into this topic is not only warranted, but necessary for Plaintiffs to collect what is owed. A copy of the proposed subpoena to depose the Scher Firm is attached hereto as Exhibit A.

**FACTS**

As a result of a decades-long procedural history, which has already been considered by this Court at length[1], and which Plaintiffs will not restate in full, Defendants, including Deutsch, remain liable to Plaintiffs on judgments totaling $1,938,997.13, plus post-judgment interest pursuant to Minnesota law. [Doc. 31].

In April of 2023, Plaintiffs attempted to serve subpoenas on Baird, her business, her children, her children's educational institutions, and Baird's financial institutions in order to uncover the location of assets that could be used to satisfy Plaintiffs' outstanding judgments. Baird moved to quash. [Doc 41]. In its Order issued on December 14, 2023, this Court granted in part Baird's motion to quash, and stated, *inter alia,* that "no further discovery into Baird's finances will be permitted absent new evidence of fraudulent or voidable transactions." [Doc. 59, p. 19]. Plaintiffs assert that a deposition of the Scher firm, for which Plaintiffs now request leave to conduct, will provide exactly that new evidence.

In a separate action entitled *The Scher Law Firm, LLP v. Penny Baird*, *et. al*., No. 23821/09 (N.Y.S.C. Kings County), the Scher Firm, in its representative capacity, sued Deutsch's wife, Baird, and her children, for accepting over $1,000,000 in fraudulent transfers from Deutsch and/or his business. The Complaint describes how Deutsch fraudulently transferred over $20,000,000, which were the proceeds of the sale of the Park Lex office building, to a shell entity solely owned by Deutsch. And, through that entity,

---

[1] *See* Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment pp. 2 – 6 [Doc. 28]; Memorandum of Law in Opposition to Third Party Penny Baird's Motion to Quash Subpoenas, pp. 3-8 [Doc. 44]; Order on Third-Party Penny Baird's Motion to Quash Subpoenas, pp. 1- 5 [Doc. 59]

LEGAL\70141094\4

Deutsch used a portion of those fraudulently-received funds to purchase extravagant "gifts" for his family. Indeed, the Scher Firm alleged that Baird accepted over a million dollars in fraudulent conveyances from Deutsch and/or his business, as a "gift" for the purchase of a Paris apartment. Additionally, Baird is alleged to have received an opulent diamond ring valued in excess of $100,000 from the same funds. Baird's children are each also alleged to have received diamonds valued in excess of $50,000 each, from the fraudulently transferred funds. (*See* [Doc. 41-1] Welzer Dec. Exh. C, Exh. A thereto (pp. 61-77/739)). This nearly $1,000,000 accounts for only a small portion of the $20,000,000 that was fraudulently transferred, most of which remains inexplicably missing, and represent funds which could be used to satisfy the outstanding judgments owed to Plaintiffs.

In developing its claims against Baird and her children, Plaintiffs believe that the Scher firm has information[2] relevant to their investigations into the transfers described in the separate action, information related to their financial investigation and tracing of the remaining approximately $19,000,000 in sale proceeds that has not been accounted for by Deutsch, as well as information relevant to other suspicious transactions they identified between Deutsch and/or his businesses that were uncovered in pursuit of those claims. This information was not received by Plaintiffs in the prior 2004 examinations of Deutsch and Baird, and the Scher Firm is the sole source of this information. Plaintiffs believe that this information is key to demonstrating to this Court that there are, and have been, suspicious transactions between Deutsch and Baird that require further investigation. Considering the

---

[2] It should be noted that the Scher firm has not disclosed any confidential information to Plaintiffs regarding the firm's knowledge of events or the development of claims referenced in the separate action.

LEGAL\70141094\4

Court's Order on Baird's Motion to Quash and being very mindful to ensure compliance with that Order, and understanding that Baird may argue that the deposition of the Scher Firm constitutes "discovery into Baird's finances", Plaintiffs request leave to conduct this deposition, as further supported below.

## ARGUMENT

I.  **A DEPOSITION OF THE SCHER FIRM IS WITHIN THE SCOPE OF DISCOVERY AND PERMISSIBLE UNDER THE COURT'S ORDER ON BAIRD'S PRIOR MOTION TO QUASH.**

Parties are permitted to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The Court "should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting 4 J. Moore, FEDERAL PRACTICE ¶ 26.56[1], p.26-131 n. 34 (2d ed. 1976)); *see also Honeywell Int'l Inc. v. Furuno Elec. Co*., No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *1 (D. Minn. May 30, 2013).

Federal Rule of Civil Procedure 69 provides an avenue for judgment creditors to obtain discovery in aid of execution, and offers an even broader scope for discovery. *See* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.") Indeed, the Eighth Circuit applies a presumption in favor of full discovery of any matters *arguably related* to the judgment creditors' efforts to trace the judgment debtor's assets and otherwise to enforce its judgment. *See, e.g., Credit Lyonnais, S.A. v. SGC Intern. Inc.,* 160 F.3d 428,

4

431 (8th Cir. 1998) (emphasis added). Additionally, the rule governing depositions also provides a broad right to conduct the type of discovery sought by Plaintiffs here. *See* Fed. R. Civ. P. 30. Under that Rule, a party may depose almost anyone, including corporations and law firms, who may provide relevant information. *See id.* Further, generally, the party requesting discovery has no burden to show an immediate need for the discovery[3]. *See Kramer v. NCS Pearson, Inc.*, No. CIV. 03-1166 JRTFLN, 2003 WL 21640495 at *2 (D. Minn. June 30, 2003).

In this case, a deposition of the Scher Firm falls within the broad scope of discovery allowed to Plaintiffs. Information related to the Scher Firm's investigation and development of claims against Baird and her children in connection with its pursuit of claims against Deutsch is certainly relevant to Plaintiffs' pursuit of assets that may exist to satisfy their outstanding judgment, including the approximately $19,000,000 of proceeds related to the sale of the Park Lex building that remain missing. Further, unlike subpoenas directed to Baird, her children, her lawyers or her financial institutions, the deposition of the Scher Firm is targeted to receive information related to the Firm's investigation and development of its claims against Baird and her children – not information limited to Baird's finances. *See* Ex. A.

Plaintiffs believe that the information acquired in the deposition of the Scher Firm will demonstrate to the Court that more evidence of suspicious or voidable transactions

---

[3] However, the Court's Order on Baird's Motion to Quash requires that Plaintiffs show some new evidence of voidable or suspicious transactions before further discovery into Baird's finances is allowed. [Doc. 59, p. 19].

between Deutsch and Baird exists and must be investigated. Further, the information sought by the deposition, which the Scher Firm is in sole possession of, has never been received by Plaintiffs and is not covered by the previous Rule 2004 examinations or document productions of Deutsch and Baird. Accordingly, the proposed deposition is permissible under the Federal Rules and under the Court's Order on Baird's Motion to Quash and should be allowed to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order allowing Plaintiff to issue the proposed subpoena for deposition of the Scher Firm attached hereto as Exhibit A, and granting such further relief as may be just and equitable, including denying any prospective motion to quash by Baird.


Dated:  June 12, 2024                    **COZEN O'CONNOR**


By: /s/ *Thomas G. Wallrich*
        Heather L. Marx (#321163)
        Thomas G. Wallrich (#213354)
        Samuel E. Mogensen (#400920)
        33 South Sixth Street, Suite 3800
        Minneapolis, MN 55402
        Telephone:  612.260.9000
        Fax:  612.260.9080

        **ATTORNEYS FOR PLAINTIFFS**

LEGAL\70141094\4

# EXHIBIT A

LEGAL\70141094\4

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| | | |
|---|---|---|
| Lupe Development Partners, LLC and Steven Minn, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   21-cv-02668 (PAM/DTS) |
| red Deutsch, Deutsch Development Corp., Pacific Flats I LLC, and Pacific Flats II LLC, | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        The Scher Law Firm, LLP, 600 Old Country Road, Suite 440. Garden City, NY 11530

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Cozen O'Connor<br>3WTC, 175 Greenwich Street, 55th Floor<br>New York, NY 10007 | Date and Time:<br> October 17, 2024          9:00a.m. |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/12/2024

|  CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Lupe Development Partners, LLC and Steven Minn_____ , who issues or requests this subpoena, are:

Thomas G. Wallrich, Esq, Cozen O' Connor, address above, (612) 260-9000, twallrich@cozen.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  21-cv-02668 (PAM/DTS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**REQUEST NO. 1:**    Produce copies of all documents, records, or electronic data, related

to the action entitled *The Scher Law Firm, LLP v. Penny Baird, et. al*., No. 23821/09 (N.Y.S.C.

Kings County), including but not limited to communications, memoranda, or written materials

related to the development and pursuit of claims against Penny Baird, Alexander Deutsch,

Benjamin Deutsch, and Philip Deutsch.

**REQUEST NO. 2:**    Produce copies of all documents, records, or electronic data, related

to any action in which you were involved relating to the recovery of funds or assets in which it

was alleged that there were fraudulent or voidable transactions between Fred Deutsch, including

any business or entity in which he maintained an interest, on the one hand, and Penny Baird,

including any business or entity in which she maintained an interest, or any of Fred Deutsch or

Penny Baird's children, on the other.