UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lupe Development Partners, LLC, and Steven Minn,

          Plaintiffs,

v.

Fred Deutsch, Deutsch Development Corp., Pacific Flats I LLC, and Pacific Flats II LLC,

          Defendants.

Civ. No. 21-2668 (PAM/DTS)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiffs Lupe Development Partners, LLC and Steven Minn's timely objections to the Magistrate Judge David T. Schultz's Order denying Plaintiffs' motion to depose the Scher Law Firm, LLP. (Docket No. 78.) Third-party Penny Drue Baird responded to Plaintiffs' objections. (Docket No. 81.) For the following reasons, Plaintiffs' objections are overruled, and the Magistrate Judge's decision is affirmed.

This standard of review for nondispositive decisions of a magistrate judge "is extremely deferential." Magee v. Trs. of the Hamline Univ., 957 F.Supp.2d 1047, 1062 (D. Minn. 2013) (Tunheim, J.); see 28 U.S.C. § 636(b)(1)(A) and D. Minn. L. R. 72.2(a)(3). "A ruling is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when a court fails to apply or misapplies relevant statutes, case law or rules of procedure." Smith v. Bradley Pizza, Inc., 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018)

(citations and internal quotation marks omitted) (Wright, J.). "If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently." Meyer v. Haeg, Civ. No. 15-2564, 2016 WL 29257, at *3 (D. Minn. Jan. 4, 2016) (Nelson, J.).

The extensive factual background has been set forth previously and need not be revisited at this juncture.  (See Docket Nos. 66, 78.)  Relevant here, in December 2023, the Magistrate Judge instructed that Plaintiffs could not pursue "further discovery into Baird's finances . . . absent new evidence of fraudulent or voidable transactions.  They have subjected Baird to multiple lawsuits and third-party subpoenas over the last thirteen years, and in that time, they have uncovered scant evidence of any suspicious activity." (Docket No. 59 at 19.)

Plaintiffs then filed a motion seeking permission to subpoena and depose the Scher Firm, which sued Baird and her children in 2009.  (See Docket No. 78 at 1–2.)  The Magistrate Judge denied that motion, finding that it ran afoul of the previous Order, and that, in any event, Plaintiffs could have raised this issue many years ago.  (Id. at 3–5.) Additionally, the Magistrate Judge imposed limited sanctions in the form of Baird's costs and fees in responding to the motion.  (Id. at 5–6.)

Plaintiffs object to that decision, contending that their motion proposing a subpoena to obtain information from a third party regarding Baird's finances does not violate the Court's Order.  But Plaintiffs allege no "new evidence of fraudulent or voidable transactions," as the Court required in order to obtain further discovery into

2

Baird's finances. Plaintiffs contend that the Scher Firm's deposition may potentially reveal such evidence of fraud, but that possibility does not meet the prerequisite for further discovery that the Court has ordered. Indeed, it is precisely the type of discovery that the Court cautioned against.

Further, Plaintiffs assert that by filing a motion seeking permission to subpoena the law firm, they demonstrated a special effort to comply with the Court's Order. However, asking the Court to deviate from its previous decision does not evince the vigilance that Plaintiffs claim to display.

Finally, Plaintiffs argue that the effect of the Magistrate Judge's Order would prevent them "from undertaking any additional post-judgment discovery because the potentiality that discovery might include information about Baird" and effectively preclude them from collecting any of the outstanding judgment. (Docket No. 79 at 7.) This view misconstrues the Court's instructions, and is, as Plaintiffs themselves characterize it, "a broad interpretation" of the Court's strictures for discovery regarding Baird's and her company's finances. (Id. at 7–8.)

Through the course of the parties' litigation, multiple state and federal courts have admonished Plaintiffs' unrelenting tactics to obtain information regarding Baird's finances. (See Docket No. 74, App'x A at 1–2.) Plaintiffs' methods fare no differently here. As the Magistrate Judge ordered, limited sanctions are appropriate. Plaintiffs fail to demonstrate any error, clear or otherwise, in the Magistrate Judge's decision, and their objections are overruled.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Objections (Docket No. 79) are **OVERRULED**; and

2. The Magistrate Judge's Order (Docket No. 78) is **AFFIRMED**.

Dated:  November 13, 2024                         *s/ Paul A. Magnuson*
                                                                  Paul A. Magnuson
                                                                  United States District Court Judge